# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08CR40

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| EDWARD BLAINE MINTZ. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant's Motion to Strike Alias. While defendant has argued that the inclusion of the alleged alias "Edward Blain Mintz." is "extremely prejudicial," the precise prejudice is not readily apparent from either defendant's brief or the face of the Indictment. Further, defendant has cited no case law which would require striking such alias. In the Fourth Circuit, it has long been held that

> If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted.

United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976). From the face of the Indictment, the Grand Jury's inclusion of an alias that supplies a variant of the defendant's given name, as opposed to a "street" name, provides this court with an inference that inclusion of the alias is for the proper purpose of identifying the

defendant in connection with the acts charged. The motion will be denied. Such denial is without prejudice as to defendant making any at trial motion concerning the use of such alias during trial or any limiting instruction. See United States v. Ali,1996 WL 423058, *3 (4th Cir. 1996)( "Since the aliases were material to the contested issue of ownership or possession of the car (and gun), the court did not err in denying Ali's motion to strike them")[1]; United States v. Robinson, 2007 WL 790013, *4 (M.D.Pa. 2007)( "if the United States fails to offer proof relating to the aliases that have been listed and which the United States contends are relevant and necessary to prosecute the charges against Defendants, the motions may be renewed and, if appropriate, the aliases struck, and an appropriate precautionary instruction given to the jury.")

Finally, counsel for defendant is advised that this is the second motion of this variety that he has filed in as many years, and that in neither case did counsel cite any authority or attempt to explain how the use of a given name variant is "extremely prejudicial." Counsel should carefully consider the propriety of such a filing in the future and is instructed to cite all authority which would support counsel's position.

---

[1] Due to the limits of ECF, copies of such unpublished opinions are placed in the electronic record through reference to the Westlaw citation.

Signed: April 30, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge