# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08CR40

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| EDWARD BLAINE MINTZ, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**IN ACCORDANCE WITH** Local Criminal Rule 32.4(A), Western District of North Carolina, the court has before it the government's Motion for Preliminary Order of Forfeiture (#84). There are a number of problems with such motion. First, the government has not provided the court with a proposed Preliminary Order of Forfeiture. Second, the firearms and ammunition listed in the motion do not appear to be "assets specifically listed in the Bill of Indictment," as mentioned in paragraph three of the motion. Third, while the plea agreements do in fact make provision for forfeiture, the plea agreements fail to list these firearms and ammunition. Fourth, Local Criminal Rule 47.1(B) requires a Certificate of Conference with opposing counsel concerning the motion and whether counsel consent.

The court's primary concern is the faithful execution of its own duties. Under Rule 32.2, Federal Rules of Criminal Procedure, the court is required to enter a

Preliminary Order of Forfeiture if it finds that "the government has established the requisite nexus between the property and the offense." Fed.R.Crim.P. 32.2(b)(1). While the government contends this nexus has been established (Motion, at ¶ 4), simply stating that the government seized items and that the defendants have consented to their forfeiture (Motion, at ¶ 3), does not amount to a nexus connecting the items to the offenses.[1] Rule 32.2 addresses the evidentiary requirement, providing that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . . ." Fed.R.Crim.P. 32.2(b)(1). The court has reviewed the plea agreements and can find no mention of these particular firearms and ammunition. If the government believes such items and their nexus to the charged offenses were addressed during the Rule 11 proceeding, it should bring such to the court's attention. At this point, the court needs more to discharge its duty under Rule 32.2, perhaps an affidavit from the agent who seized the weapons informing the court that each of these weapons and ammunition were used to facilitate the charged offenses, that such were assets or substitute assets of the conspiracy, or that such were unlawfully possessed by members of the conspiracy.[2]

---

[1] The court notes that some firearms were mentioned in the substantive counts of the indictment, but not all the ones listed for the first time in this motion.

[2] Defendants have been charged and have entered pleas of guilty to the charges contained in the Bill of Indictment, counts which include the following: (1)

# ORDER

**IT IS, THEREFORE, ORDERED** that the government's Motion for Preliminary Order of Forfeiture (#84) is **DENIED** without prejudice for the reasons discussed above.

Signed: November 13, 2008

Dennis L. Howell
United States Magistrate Judge

---

conspiracy to possess with the intent to distribute cocaine base, a Schedule II controlled substance; (2) use of a firearm in the furtherance of a drug trafficking crime; and (3) possession of firearms by a convicted felon. The court has accepted such pleas in open court in accordance with Rule 11, Federal Rules of Criminal Procedure. Such constitute violations of 21 U.S.C. Sections 841(a)(1) & 846, 18 U.S.C. Sections 922(g0(1)& 924(c), and 26 U.S.C. Section 5861(d).