# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-40-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>EDWARD BLAINE MINTZ )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's pro se "Motion for Reduction of Sentence and Immediate Release from Prison Pursuant to 18 U.S.C. § 3582(c)(2)." [Doc. 155]. The Government has filed its Response [Doc. 162] opposing the Defendant's motion and this matter is thus ripe for resolution.

Defendant Edward Mintz and four other persons were named in a Six-Count Indictment filed in this matter on April 1, 2008. [Doc. 1]. Mintz was named in the first three counts and charged with, respectively, (I) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846; (II) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and (III) possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). [Id. at 1-2]. On June 25, 2008, Defendant pled guilty to Counts One and Three, the conspiracy and firearm charges, pursuant to a written plea agreement. [Docs. 50; 113]. As a part of the plea agreement, the

parties stipulated that "[t]he amount of cocaine base that was known to or reasonably foreseeable by the defendant was at least 20 grams but less than 35 grams." [Doc. 50 at 2]. This stipulation was consistent with the actual amount of 25.35 grams of cocaine base obtained by law enforcement officers directly from the Defendant and from his accomplices during the investigation of the conspiracy. [Doc. 71, ¶¶ 10-15].

At the time of the Defendant's sentencing hearing held November 19, 2008, at least 20 grams but less than 35 grams of cocaine base resulted in a Base Offense Level of 26 under the Sentencing Guidelines for his plea to Count One. U.S.S.G. § 1D1.1(c)(7). [Doc. 71, ¶ 34]. The Defendant qualified for a three-level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1 which lowered his Total Offense Level down to 23. [Id. at ¶¶ 36-37]. A Total Offense Level 23, when combined with the Defendant's Criminal History Category of I, rendered an advisory Guideline range of 46 to 57 months. U.S.S.G., ch. 5, pt. A (table). However, due to the five-year applicable statutory mandatory minimum in effect at the time for a drug offense involving more than 5 grams of cocaine base, 21 U.S.C. § 841(b)(a)(B)(iii) (2008), U.S.S.G. § 5G1.1(b) directed that the Defendant's sentencing range become 60 months. See Id. (when the statutory minimum sentence of imprisonment is greater than the maximum of the Guideline

range, the term of imprisonment shall be the statutory minimum). The Defendant also faced a mandatory minimum consecutive sentence of 60 months for his plea to Count Three. 18 U.S.C. § 924(c)(1).

At the Defendant's sentencing hearing, the Government moved the Court to depart in the Defendant's favor, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, due his substantial assistance. [Docs. 86; 114]. Specifically, the Government recommended a downward departure the equivalent of one offense level. Consistent with the Government's motion, the Court sentenced with reference to a post-departure equivalent Total Offense Level of 22, when combined with the Defendant's Criminal History Category of I, rendered an advisory sentencing range of 41 to 51 months. U.S.S.G., ch. 5, pt. A (table). Thereafter, the Government recommended, and the Court imposed, a low-end 41 month sentence on Count One. [Doc. 114 at 6-7]. On Count Three, the Court imposed a consecutive sentence of 60 months. [Id. at 7].

On January 17, 2012, the Defendant filed a motion through counsel to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), on the basis of Amendment 750 to the United States Sentencing Guidelines applicable to cocaine base offenses. Section 3582(c)(2) provides in pertinent part that in the case of a defendant who has been sentenced to a term of

3

imprisonment "based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission," the sentencing court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2) (emphasis added). However, due to the operation of U.S.S.G. § 5G1.1(b) in conjunction with the Sentencing Commission's Policy Statement directing the application of retroactive Guideline amendments, U.S.S.G. § 1B1.10, Defendant's "sentencing range" for his drug offense remained the statutory minimum of 60 months. The Court's departure below the mandatory minimum worked no modification of that "sentencing range" because a mandatory minimum *is* the "sentencing range" when the statutory sentence prescribed therein exceeds the top end of the otherwise applicable Guideline range, in this case 57 months. In other words, the Defendant's "sentencing range" of 60 months was not subsequently lowered by the Sentencing Commission's Amendment 750. Defendant, therefore, was not entitled to a sentence reduction notwithstanding the fact that the Government's 18 U.S.C. § 3553(e) motion allowed for a sentence below the statutory minimum or the fact that he actually received a sentence below the statutory minimum originally. United States v. Hood, 556 F.3d 226, 232-37 (4th Cir. 2009) (section

3582(c)(2) does not authorize a reduction in sentence where the defendant was subject to a statutory minimum term of imprisonment that trumped an otherwise applicable Guidelines range, even where the defendant benefitted from a substantial assistance downward departure to the lower Guideline range). Accordingly, the Court denied the Defendant's 18 U.S.C. § 3582(c)(2) motion that was based upon Amendment 750. [Doc. 130].

The Fourth Circuit's decision in <u>Hood</u> was not the only appellate opinion regarding the interplay between 18 U.S.C. § 3582(c)(2) and the application of Amendment 750 to recipients' sentences based government-sponsored departure motions. "Circuits have conflicting interpretations of when, if at all, § 1B1.10 provides that a statutory minimum continues to limit the amount by which a defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2) when the defendant's original sentence was below the statutory minimum due to substantial assistance." U.S.S.G. supp. to app. C, amend. 780 (Reason for Amendment) (Nov. 1, 2014). To resolve the circuit split, the Sentencing Commission promulgated Amendment 780 to clarify the application § 1B1.10 in such circumstances. Amendment 780, according to the Sentencing Commission,

> amends § 1B1.10 to specify that, if the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect

5

the defendant's substantial assistance to authorities, then for purposes of § 1B1.10 the amended guideline range shall be determined without regard to the operation of § 5G1.1 and § 5G1.2.

* * * * * * * * * * *

As the Commission noted in the reason for [its 750] amendment: The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing.

U.S.S.G. supp. to app. C, amend. 780 (Reason for Amendment) (Nov. 1, 2014) (internal quotation and citation omitted).

The Government, in its Response to Defendant's Motion, contends that the relief Defendant seeks is precluded by the Fourth Circuit's decision in <u>United States v. Goodwyn</u>, 596 F.3d 233 (4th Cir. 2010). [Doc. 162]. <u>Goodwyn</u> held that when the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has one opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it but he may not ask the district court to reconsider its decision. <u>Id.</u> at 236.

Goodwyn thus established the "one-bite" rule for this circuit under § 3582(c)(2). The Government claims that, "[b]ecause this Court has already denied Defendant relief under § 3582(c)(2) based on Amendment 750, Goodwyn appears to preclude relief based on the motion currently before the Court, because it is a second motion seeking relief under 750." [Doc. 162 at 4-5]. The Government's position is incorrect both factually and legally.

From a factual standpoint, the Defendant is not seeking a second bite at Amendment 750, he is taking his first bite at Amendment 780. From a legal standpoint, Goodwyn's one-bite rule is aimed at an entirely different evil than that alluded to by the Government. As explained by the Fourth Circuit in Goodwyn, "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.' " Goodwyn, 596 F.3d at 235 citing United States v. Layman, 116 F.3d 105, 109 (4th Cir. 1997). The Defendant, in his Motion, is not attempting to play upon the sympathies of the Court in an effort to gain a sentence reduction. He is taking advantage of Amendment 780: "This clarification ensures that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance." U.S.S.G. supp. to app. C,

amend. 780 (Reason for Amendment) (Nov. 1, 2014) (internal quotation and citation omitted). The purpose of Amendment 780 is for those defendants, who received substantial assistance departures at their original sentencing hearings, to receive the full benefit of retroactive cocaine base Guidelines Amendment 750 reductions previously precluded by operation of U.S.S.G. §§ 5G1.1 or 5G1.2. Id. If the Court were to apply Goodwyn as the Government argues, it would completely negate the effect of Amendment 780 as intended by the Sentencing Commission. Further, it does not appear to the Court that such a result was anticipated or precluded by the Court of Appeals opinion in Goodwyn.[1] The Court concludes, therefore, that the Government's objection should be overruled.

Applying Amendment 780, the Court finds as follows: 25.35 grams of cocaine base results in a Base Offense Level of 24 under the 2013 version[2] of the Sentencing Guidelines for Defendant's plea to Count One. U.S.S.G. § 1D1.1(c)(8) (2013) (at least 22.4 grams but less than 28 grams of cocaine base). The Defendant qualified for a three-level reduction for Acceptance

---

[1] For this reason, the Court will hereafter refer to motions previously precluded by Amendment 750 but now permitted effective November 1, 2014, as "750/780 motions" as distinguished from "782 motions."

[2] The Defendant, in his Motion, explicitly states that he is not attempting to take advantage of Amendment 782 contained within the 2014 version of the Sentencing Guidelines effective November 1, 2014. [Doc. 155 at 1]. Consequently, his release date will not be delayed by the "holding" provisions of U.S.S.G. § 1B1.10(e) (2014).

of Responsibility under U.S.S.G. § 3E1.1 which lowers his Total Offense Level down to 21.[3] Applying a downward departure the equivalent of one offense level pursuant to the Government's recommendation yields a post-departure equivalent Total Offense Level of 20. That level, when combined with the Defendant's Criminal History Category of I, renders an advisory sentencing range of 33 to 41 months. U.S.S.G., ch. 5, pt. A (table). The Court will reduce the Defendant's sentence on Count One to 33 months as per the Government's prior recommendation.

**IT IS, THEREFORE, ORDERED** that the Defendant's pro se "Motion for Reduction of Sentence and Immediate Release from Prison Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 155] is **GRANTED in part.** The Defendant's previously imposed term of imprisonment as to Count One is reduced to 33 months and his previously imposed total term of imprisonment of 101 months is **REDUCED** to 93 months (33 months on Count One and 60 months consecutive on Count Three). Except as provided herein, all provisions of the Court's Judgment dated November 19, 2008, shall remain in effect.

**IT IS SO ORDERED**.

Signed: November 25, 2014

Martin Reidinger
United States District Judge

---

[3] The erroneous "Amended Offense Level 23" contained in the Court's prior Amendment 750 Order [Doc. 130] was harmless because the Defendant's eligibility thereunder was precluded by Hood.