**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-40-MR-1**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>EDWARD BLAINE MINTZ )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's pro se "Motion for Correction of Sentence Pursuant to Fed.R.Crim.P. 35(a)." [Doc. 165].

Defendant Edward Mintz and four other persons were named in a Six-Count Indictment filed in this matter on April 1, 2008. [Doc. 1]. Mintz was named in the first three counts and charged with, respectively, (I) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846; (II) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and (III) possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). [Id. at 1-2]. On June 25, 2008, Defendant pled guilty to Counts One and Three, the conspiracy and firearm charges, pursuant to a written plea agreement. [Docs. 50; 113]. As a part of the plea agreement, the parties stipulated that "[t]he amount of cocaine base that was known to or

reasonably foreseeable by the defendant was at least 20 grams but less than 35 grams." [Doc. 50 at 2]. This stipulation was consistent with the actual amount of 25.35 grams of cocaine base obtained by law enforcement officers directly from the Defendant and from his accomplices during the investigation of the conspiracy. [Doc. 71, ¶¶ 10-15]. The Court used this drug quantity figure as its basis for recalculating the Defendant's sentence in its 750/780 Order granting the Defendant's previous pro se sentence reduction motion. [Doc. 164 at 2].

In his present Rule 35(a) motion, the Defendant asserts that the Court's 750/780 Order [Doc. 164], attributing 25.35 grams of cocaine base to him as relevant conduct, is clearly erroneous and that he should be held accountable for only 20.3 grams of cocaine base. [Doc. 165 at 1-2]. The lower drug quantity finding, if adopted by the Court, would reduce by two levels the Defendant's Guideline Base Offense Level making him eligible for immediate release from custody. The facts of record in this matter, however, directly conflict with the Defendant's assertions, and therefore the Court concludes that no error occurred in its 750/780 Order, let alone any clear error.

Federal Rule of Criminal Procedure 35(a) authorizes the reconsideration and correction of a sentence under two conditions. First,

2

the motion must be filed within fourteen days, and second, a court may only correct an "arithmetical, technical, or other clear error." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Here, the Defendant executed and delivered his motion to prison officials on December 8, 2014, effectively "filing" his motion thirteen days after the entry of the Court's Order allegedly containing the clear error. [Doc. 165 at 5]. Thus, the Court has the authority to consider the motion. As for granting the Defendant's motion, a court may reverse only if it is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005); see also United States v. Ward, 171 F.3d 188, 191 (4th Cir. 1999) (holding that Rule 35 permits correction of a "misperception of the governing law").

The Defendant asserts that he should be held accountable only for the 20.3 grams of cocaine base seized from his home at the time of his arrest on June 21, 2007, and nothing beyond that date. [Doc. 165 at 2]. This is so, according to the Defendant, because he claims he withdrew from the conspiracy effective June 26, 2007, when he and his attorney met with law enforcement officers to begin cooperation efforts. [Doc. 165 at 2]. The Defendant's Presentence Report, however, mentions nothing regarding the Defendant cooperating with law enforcement following the

3

search of his home and seizure of drugs. The Defendant had the opportunity to object to erroneous or omitted factual content, and in fact submitted certain objections to the Probation Office before the issuance of his final PSR, but never asserted that his PSR reflect that he withdrew from the conspiracy and began cooperating June 26, 2007. See PSR [Doc. 71 at 25] (explaining Defendant's asserted and resolved objections). Further, the Government's substantial assistance motion explicitly refutes the Defendant's contention. It clearly states: "Government's evaluation: The defendant cooperated with agents *following his indictment* and provided details which furthered the investigation." [Doc. 86 at 2 (emphasis added)]. Finally, the Defendant's coconspirators' debriefing statements, as reflected in Defendant's PSR, contradict the Defendant's stance that he withdrew from the conspiracy in June, 2007. Randy Mullins stated that after June, 2007, he purchased cocaine from the Defendant on approximately five occasions. [Doc. 71, ¶ 19]. Similarly, Russell Mosteller stated that he and Mullins purchased cocaine from the Defendant in July, 2007, following the Defendant's arrest. [Doc. 71, ¶ 20]. Given the stark contrast of factual assertions herein, the Court concludes that no error – and certainly no clear error – occurred in its previous Order attributing cocaine base quantities to the Defendant post arrest.

**IT IS, THEREFORE, ORDERED** that the Defendant's <u>pro</u> <u>se</u> "Motion for Correction of Sentence Pursuant to Fed.R.Crim.P. 35(a)" [Doc. 165] is **DENIED.**

**IT IS SO ORDERED.**

Signed: December 23, 2014

Martin Reidinger
United States District Judge